64597. McELREATH v. THE STATE.

BANKE, Judge.

The defendant appeals, pro se, his convictions for burglary and theft. He was represented by appointed counsel in the trial court and pled guilty to both charges. He contends on appeal that his conviction of the burglary charge is defective in that the offense was charged by accusation, and he did not waive indictment by a grand jury. He also complains that his plea was accepted in Hart County whereas jurisdiction and venue were in Madison County. *Held:*

1. Contained in the record before us is a form signed by both the defendant and his attorney waiving indictment by the grand jury. The first enumeration of error is accordingly without merit. See *Balkcom v. McDaniel,* 234 Ga. 470 (216 SE2d 328) (1975).

2. The claim that the sentencing court in Hart County was without jurisdiction to accept a plea to a Madison County accusation is without merit. Both counties are in the Northern Circuit. Code Ann. § 24-2501. "Code Ann. § 24-2630 is sufficiently broad to authorize a superior court judge to accept a guilty plea and enter

sentence in any county within his circuit." *Barksdale v. Ricketts,* 233 Ga. 60, 62 (209 SE2d 631) (1974).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 8, 1982.

Hubert L. McElreath, *pro se.*
J. Cleve Miller, District Attorney, for appellee.