## A99A1931. JOHNSON v. THE STATE.
(528 SE2d 861)

JOHNSON, Chief Judge.

Arthur Lee Johnson was indicted for the offense of burglary. The State filed and served a notice to seek recidivist punishment. Johnson subsequently entered a nonnegotiated plea of guilty to the charge and was sentenced to ten years in confinement. Johnson filed a motion to withdraw his plea, which the trial court denied. Johnson appeals the denial of his motion to withdraw his plea, arguing that his plea was not freely and voluntarily entered and that his counsel was ineffective. Because we find no merit in his arguments, we affirm.

The record from the plea hearing shows a factual basis for the conviction. On the date of the offense, Johnson was working at a

property adjacent to the victim's home. He left the house but later returned to the victim's home in her absence, opened the window, entered and took various items of the victim's property. Johnson later admitted to his employer, the victim and a detective that he committed the crime. He sold the stolen items for $110.

At the plea and sentencing hearing on September 30, 1997, Johnson's counsel argued, in support of a plea for leniency, that after his arrest Johnson had been diagnosed with a rare type of skin cancer. He informed the trial court that he had received a letter from Johnson's treating physician, dated January 1997, which indicated that Johnson had only about one year to live.

The prosecutor informed the trial court of Johnson's recidivist status. The sentencing range for burglary under the circumstances is five to twenty years. There was no negotiated recommendation regarding the sentence. The trial court sentenced Johnson to serve ten years. After the trial court announced the sentence, Johnson's attorney orally moved to withdraw the guilty plea. When this motion was denied, he filed a written motion to withdraw the plea, which was also denied.

1. Johnson contends his plea was not freely and voluntarily entered because (a) he was not informed of the minimum sentence he could receive and (b) his attorney failed to inform him that his plea could not be withdrawn after the sentence was pronounced. Both arguments lack merit.

(a) The record indicates that Johnson was informed of the minimum sentence he faced prior to sentencing. As the Uniform Superior Court Rules contemplate, information regarding a mandatory minimum sentence "may be developed by questions from the judge, the district attorney or the defense attorney, or a combination of any of these." USCR 33.8 (C) (3). After hearing from both the state and Johnson, the trial court reaffirmed that the maximum punishment based on the crime and the recidivist statute was 20 years. The trial court then asked what the range would be, and the state responded "it has to be a minimum of five given the amount of burglaries." After asking Johnson an additional question regarding his hospitalization, the trial court sentenced Johnson to serve ten years. Based on the transcript, we conclude that Johnson was clearly informed of both the maximum and the minimum sentence he could receive before his sentence was entered. A defendant can withdraw his plea at any time before his sentence is pronounced. See OCGA § 17-7-93 (b); see also *Isaac v. State*, 237 Ga. App. 723, 727 (3) (516 SE2d 575) (1999). Johnson could have withdrawn his plea before the trial court pronounced his sentence had he found the minimum sentence to be unacceptable.

Moreover, the record as a whole affirmatively shows that Johnson's plea was knowing and voluntary. See *Moore v. State*, 225 Ga.

App. 860-861 (1) (485 SE2d 552) (1997). At the plea hearing, Johnson told the trial court he had sufficient time to consult with his attorney, he was satisfied with his attorney's services, and he knew he was waiving the presumption of innocence by pleading guilty. He acknowledged that he had been informed of the rights he would waive by pleading guilty, including the right to a jury trial, the right to have assistance of counsel at trial, the right to call witnesses, the right to testify in his own behalf if he so desired, the right to cross-examine adverse witnesses, the right to appeal from a conviction, and the right to have an attorney represent him on appeal. He was also informed that the burden of proof was upon the state to prove each element of the crime beyond a reasonable doubt. Johnson was informed that as a recidivist he could be sentenced to a maximum of 20 years and, because he was entering a nonnegotiated plea, the judge would decide what sentence to impose. When asked whether he was under the influence of any drugs or alcohol and whether anybody had promised him anything or forced him to plead guilty, he responded "no," and when asked whether his plea was being freely and voluntarily entered, he answered "yes." After Johnson had been informed of all these rights, the district attorney made a proffer of the facts the evidence would show if the case went to trial, thus establishing the factual basis for the plea. Under these circumstances, the trial court did not abuse its discretion by denying Johnson's motion to withdraw his guilty plea on the ground that his plea was not freely and voluntarily entered. See *Isaac*, supra; *Moore*, supra.

(b) Johnson also complains that his trial counsel failed to inform him that his plea could not be withdrawn after the trial court pronounced his sentence. This argument provides no basis for reversing Johnson's conviction. Though informing a defendant that he does not have a right to withdraw his guilty plea after his sentence is pronounced is a better practice because it makes his situation even more clear, there is no requirement that he be so informed. USCR 33.10 and 33.11 (D) both relate to the requirement that the trial court inform a defendant that he has a right to withdraw his guilty plea before sentence is pronounced *if the trial court intends to reject a negotiated plea agreement*. This rule reflects the recognized right of all defendants to withdraw guilty pleas at any time before the sentence is pronounced. See OCGA § 17-7-93 (b); see also *Isaac*, supra. Unless he has made a showing that it is necessary for the court to allow him to withdraw his plea to correct a manifest injustice, a defendant may not withdraw his plea as a matter of right after his sentence is pronounced. See *Stevens v. State*, 202 Ga. App. 473 (414 SE2d 702) (1992); see also USCR 33.12 (A), (B).

2. Johnson contends his trial counsel was ineffective because he

advised Johnson that, when a case was on a trial calendar, it was the trial court's practice to allow the withdrawal of a plea after the court had pronounced the sentence. Johnson's trial counsel admits his statement was ill-advised. At the motion for new trial hearing, both Johnson and his attorney said that Johnson relied on this statement in entering his guilty plea. Nevertheless, trial counsel's statement did not amount to ineffective assistance of counsel.

To challenge a guilty plea based on ineffectiveness of trial counsel, Johnson must show that, but for his counsel's deficiency, he would have insisted on going to trial and would not have pled guilty. *Isaac*, supra at 728 (4). Johnson makes no assertion in his brief on appeal that he would not have pled guilty but for his counsel's statement. Moreover, even if Johnson had made such a claim in the trial court, the trial court was authorized to disregard his claim in light of evidence that Johnson pled guilty because he knew he could not prevail at trial. At the plea hearing, Johnson's trial counsel informed the court: "I explained to him, gone over with him the facts what the state I think would prove. I told him, you know, I mean, with the similar transactions that the state has that I didn't really see any reason to try the case." The trial court did not abuse its discretion by refusing to allow Johnson to withdraw his guilty plea on this basis.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 27, 2000.

*Thomas R. Moran*, for appellant.

*Paul L. Howard, Jr., District Attorney, George W. King Snyder, Jr., Assistant District Attorney*, for appellee.