A04A0342. JONES v. THE STATE.
(594 SE2d 761)

ELDRIDGE, Judge.
Robert Lemon Jones, Jr. was charged with three counts of violation of the Georgia Controlled Substances Act for possession of cocaine with the intent to distribute (Count 1), possession of alprazo-

---

lam with the intent to distribute (Count 2), and possession of marijuana with the intent to distribute (Count 3). On February 25, 2003, Jones entered a guilty plea to Count 1 to the lesser included offense of possession of cocaine and to Counts 2 and 3. Jones was sentenced on Count 1 to a total of twenty years, with three years to be served in confinement and the balance on probation and on both Counts 2 and 3 to a total of ten years, with three years to be served in confinement and the balance on probation. The sentences on Counts 2 and 3 were to run concurrent with the sentence imposed on Count 1. Jones filed a motion to withdraw his guilty plea, which was denied by the trial court. Jones appeals the denial of his motion to withdraw his plea, arguing that his plea was not freely and voluntarily entered and that his counsel was ineffective. Because we find no merit to his arguments, we affirm.

The record from the plea hearing shows the following factual basis for the conviction. On October 21, 2001, Conyers police officers responded to a car collision involving Jones which occurred in the parking lot of a local restaurant. When they arrived, Jones had parked his car in a parking space and locked his keys inside. On the seat of Jones' car, officers saw what they suspected to be a bag of Ecstasy and began a drug investigation. Jones had $926 and a misdemeanor amount of marijuana in his pants pocket. During the investigation, a restaurant patron moved the car parked in the space next to the driver's side of Jones' car. The officers then saw a black shaving kit that contained thirty bags of marijuana; five Xanax tablets; a jar of superlactos, commonly used as a cutting agent; two grams of cocaine; a set of scales; and several empty small ziplock bags. When Jones' girlfriend arrived on the scene, she identified the black bag as belonging to Jones and stated that she had seen him with the black bag on numerous occasions.

1. We find no merit to Jones' allegation that his plea was not knowingly and voluntarily entered.

> Once sentence is pronounced (as occurred in this case), a withdrawal of a plea is within the sound discretion of the court, and this discretion will not be disturbed unless there is a manifest abuse of discretion. After a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill[ing] a silent record by use of extrinsic evidence that

affirmatively shows that the guilty plea was knowing and voluntary.

(Citations omitted.) *Clark v. State*, 249 Ga. App. 722, 723 (549 SE2d 520) (2001).

At the hearing on the motion to withdraw, a copy of the transcript of the guilty plea and the acknowledgment and waiver of rights form ("plea form") filled out by Jones prior to entering his guilty plea were introduced in evidence by the State. On their face, they show that Jones entered his plea freely and voluntarily. On the plea form, Jones indicated that he was entering his guilty plea freely and voluntarily; that he realized that he did not have to say, sign, or do anything that would tend to show he was guilty; that he was not under the influence of any drugs, medicines, or alcohol; and that no one had forced him to plead guilty. Jones further acknowledged on the plea form that he understood the nature of the charges against him and the maximum sentence he could receive if convicted of such offenses; that he had a right to trial by jury; that he had the right to confront witnesses against him; that he had the right to subpoena witnesses; that he had the right to testify or not to testify; that he had the right not to incriminate himself; and that by pleading not guilty or remaining silent, he would be given a jury trial. The last question on the plea form asked Jones if he desired to withdraw his plea to which Jones answered, "No." Further, trial counsel attested that he had reviewed the plea form with Jones and "had assured himself that [Jones] understood" what rights he was giving up by pleading guilty.

At the time he entered his guilty plea, Jones stated that he was 27 years old; that he could read and write; and that the answers he gave on the plea form were true and correct. Jones stated that it was his desire to enter a guilty plea; that he was doing so voluntarily; and that no one had intimidated, coerced, or threatened him to enter such plea. Jones reiterated that he was not under the influence of any drugs, alcohol, or narcotics. Jones further stated the charges against him and the maximum sentence he could receive on each. Jones acknowledged that he realized that he was entitled to a jury trial and that jurors were available if he wanted to go to trial. Jones further admitted that he was guilty of the offenses as charged and admitted that the black bag in which the drugs were found belonged to him. When asked by the trial court if he had anything he wished to say, Jones replied, "I just want to say I am sorry to the citizens of Rockdale County."

After the trial court completed its inquiry ensuring that Jones understood what rights he was waiving by entering a guilty plea, the trial court stated that it wanted to make sure Jones understood what he was doing by entering a guilty plea. The trial court then asked

Jones if he understood what was "going on this morning? You know what you are doing?" Jones replied, "Yes, Sir. It's better for my kids and I appreciate what you did." The record in this case "reflect[s] a careful inquiry by the court showing that [Jones] fully understood the nature of the charges, the consequences of his plea, and the rights he was relinquishing." *Miller v. State*, 241 Ga. App. 397, 398 (1) (527 SE2d 571) (1999).

On appeal, Jones alleges his guilty plea was not knowingly and voluntarily entered based on the answers to two questions on the plea form which he filled out prior to entering his guilty plea. Jones argues that his guilty plea must be set aside because he answered yes to question number 21, "Has anyone made any promise or threats to you to cause you to plead guilty?" However, the record shows that in response to this question he circled "no," but placed his initials in the space provided for the answer "yes," which immediately preceded the word "no." Further, upon entering his guilty plea Jones later specifically stated that no one had intimidated, coerced, or threatened him to plead guilty. We find this argument without merit.

Jones further argues that he failed to answer question number 12, "Are you satisfied with what your lawyer has done for you in this case?" Again, Jones misrepresents what the record shows. Although he did not initial his response to question number 12, Jones circled "yes." During the hearing on the guilty plea, Jones did not indicate dissatisfaction with his counsel's performance. Jones' failure to initial his response to question number 12, by itself, neither negates the fact that his answer was "yes" nor changes the fact that the record as a whole shows that Jones was adequately informed of his relevant constitutional rights and that his plea was intelligently and voluntarily entered. While at the motion to withdraw guilty plea hearing, Jones testified that he never had been satisfied with his representation and intentionally had not answered the question related to this topic, this goes to witness credibility "which the trial judge was entitled to resolve against him. [Cits.]" *Manues v. State*, 232 Ga. App. 454, 455 (501 SE2d 826) (1998). "The trial court is the final arbiter of all factual issues raised by the evidence." (Citation omitted.) *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998).

2. Jones further alleges that he received ineffective assistance of counsel during the entry of his guilty plea. "To challenge a guilty plea based on ineffectiveness of trial counsel, [Jones] must show that, but for his counsel's deficiency, he would have insisted on going to trial and would not have pled guilty. [Cit.]" *Johnson v. State*, 242 Ga. App. 89, 92 (2) (528 SE2d 861) (2000). A trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed unless that determination is clearly erroneous. *Strickland v.*

*Washington*, 466 U. S. 668, 686-688 (104 SC 2052, 80 LE2d 674) (1984).

(a) Jones alleges his trial counsel was ineffective in that counsel failed to inform him that counsel had filed a motion in limine the day he entered his guilty plea. Jones argues that if he had known that a motion in limine had been filed which would have limited the introduction of his girlfriend's statement to police, he would not have entered a guilty plea.

Initially, we note that the motion in limine sought to exclude the statement made to police by Jones' girlfriend which indicated that Jones currently sold drugs to his friends and acquaintances and did not seek to exclude her statement that the black bag in which the drugs were found belonged to Jones. As such, even if granted, the motion would not have excluded testimony that went to the essential elements of the crimes Jones was charged with. Further, trial counsel testified at the hearing on the motion to withdraw his guilty plea that, while he could not remember if he discussed the motion with Jones the day of the guilty plea, on numerous previous occasions, he had discussed with Jones the damaging effects of Jones' girlfriend's statements and that he planned to file a motion in limine to attempt to keep out her statement that Jones currently sold drugs. Under these circumstances, we find that Jones has failed to meet his burden of showing that his trial counsel was deficient. "Because [Jones] failed to meet the first prong of the test for ineffective assistance of counsel, he cannot satisfy the second prong." *Sibley v. State*, 249 Ga. App. 664, 665 (550 SE2d 104) (2001). The trial court's finding that counsel was not ineffective was not clearly erroneous.

(b) Jones also alleges ineffective assistance of counsel based upon trial counsel's failure to note his responses to question numbers 12 and 21 on the plea form and to discuss them with Jones. However, this ground was not put forward in the court below as an ineffective assistance of counsel claim, and we will not consider it for the first time here. "All allegations of ineffective assistance of counsel should be raised at the earliest practicable moment, and any allegation not raised is deemed waived." (Citation and punctuation omitted.) *Render v. State*, 240 Ga. App. 762 (a) (525 SE2d 134) (1999).

Given that the record shows that Jones' guilty plea was knowing and voluntary, we find no manifest abuse of discretion in the trial court's refusal to allow him to withdraw the plea. The trial court's decision therefore will not be disturbed.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 12, 2004.

*Lamalua & Oeland, Paul J. Oeland IV*, for appellant.

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.