A06A0912, A06A0922, A06A1130. McCROSKEY v. THE STATE
(three cases).
(634 SE2d 824)

PHIPPS, Judge.

With the assistance of counsel, Jerry Michael McCroskey entered nonnegotiated guilty pleas to criminal charges contained in three separate indictments. After being sentenced, McCroskey discharged his attorney and moved to withdraw his guilty pleas based on ineffective assistance of counsel. Among other things, McCroskey claims that counsel erroneously advised him that he could withdraw his guilty pleas as a matter of right even after pronouncement of sentence. Without addressing that claim, the trial court denied McCroskey's motions to withdraw. McCroskey appeals. We vacate the order appealed and remand for consideration of the unaddressed claim.

McCroskey was indicted in the Superior Court of Rabun County on one count of possession of cocaine with intent to distribute. He was later indicted in the Superior Court of Stephens County on three counts of possession of a firearm by a convicted felon and one count each of possession of a firearm during commission of a felony, sale of methamphetamine, possession of methamphetamine with intent to distribute, and possession of cocaine with intent to distribute. And shortly thereafter, a felony accusation was preferred in the Superior Court of Stephens County charging McCroskey with one count of possession of a firearm by a convicted felon.

About two weeks after the Stephens County charges were brought, McCroskey filed petitions to enter *Alford* guilty pleas in all cases. A hearing on entry of the guilty pleas was held in the Superior Court of Stephens County in all three cases.[1] At the hearing, McCroskey entered nonnegotiated guilty pleas in all three cases, and the court deferred sentencing. At the sentencing hearing, the court sentenced McCroskey on all the counts to which he had pled guilty to a total of 35 years with the first 30 years to be served in confinement and the remainder to be served on probation.

After pronouncement of sentence, defense counsel informed the court that McCroskey had just told him that he wanted to withdraw his guilty pleas and had then discharged him because he refused to do so as he did not find that to be in McCroskey's best interests. The court concluded the hearing by finding that McCroskey's guilty pleas had

---

[1] See generally *McElreath v. State*, 163 Ga. App. 826 (2) (296 SE2d 622) (1982) (superior court authorized to accept a guilty plea and enter sentence in any county within its circuit).

been freely and voluntarily entered with the advice of counsel and announcing that McCroskey would not be allowed to withdraw the pleas.

Through another attorney, McCroskey then filed written motions to withdraw his guilty pleas or for reconsideration of the sentences in all three cases. In the motions, McCroskey charged his defense attorney with ineffective assistance in failing to properly inform him of the ramifications of his nonnegotiated guilty pleas, the possible sentences, the meaning of an *Alford* plea, and his ability to withdraw his plea after pronouncement of sentence. McCroskey also alleged that counsel was impaired by the use of prescription pain medication at the time of sentencing. Following a hearing, the court entered an order denying McCroskey's motions on grounds that his guilty pleas had been freely, voluntarily, and knowingly entered and that counsel's use of prescription pain medication at the time of the sentencing hearing had not impaired his performance so as to have rendered him constitutionally ineffective.

In Case No. A06A0912, McCroskey appeals the denial of his motion to withdraw his plea in the multi-count Stephens County case. In Case No. A06A0922, he appeals the denial of his motion to withdraw his plea in the single-count Stephens County case. In Case No. A06A1130, he appeals the denial of his motion to withdraw his plea in the Rabun County case.

1. McCroskey first contends that trial counsel rendered ineffective assistance by failing to inform him that he could not withdraw his nonnegotiated guilty pleas after the court had orally pronounced sentence.

"After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion."[2] The foregoing principle stems in part from *State v. Germany*,[3] wherein our Supreme Court, construing OCGA § 17-7-93 (b), held that a defendant does not have an absolute right to withdraw a guilty plea after the trial court's oral announcement of sentence. In *Germany*, the Court also held, however, that if the trial court intends to reject the plea agreement, the court shall inform the defendant personally that the defendant may withdraw his or her guilty plea as a matter of right.[4] This and other directives set forth in *Germany* are now found in Uniform Superior Court Rules (USCR) 33.10 and 33.11 (D). Additionally, USCR 33.7 states that, "[i]f

---

[2] *Ramsey v. State*, 267 Ga. App. 452 (600 SE2d 399) (2004) (citation omitted).

[3] 246 Ga. 455 (1) (271 SE2d 851) (1980).

[4] Id. at 456.

the prosecuting attorney has agreed to seek charge or sentence leniency which must be approved by the judge, the judge must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the judge." It is, however, axiomatic that a nonnegotiated guilty plea is one in which there is neither a plea agreement nor a recommendation by the state as to charge or sentence leniency. Thus, the above USCR directives are inapplicable here.

*Bice v. State*,[5] by contrast, is similar to this case in that there, as here, a defendant who had entered a nonnegotiated guilty plea sought to withdraw it after the pronouncement of sentence. Among other things, he asserted that during a nontranscribed bench conference the trial court had led his attorney to believe that it would allow the defendant to withdraw his guilty plea if he were dissatisfied with the sentence. We found that assertion contradicted by the transcript of the plea hearing, which made clear that "during the plea hearing, the trial judge asked [defendant] if he understood that he was pleading guilty without a recommendation from the State, and even if there were a recommendation from the State, the judge could sentence [defendant] to whatever was authorized by the law."[6]

Here too, the transcript of the plea hearing shows that the trial court explained to McCroskey that his entry of a nonnegotiated guilty plea was without a sentence recommendation by the state and authorized the court to impose sentences within the range of "five to forty to li[f]e, because of your history." And at the hearing on McCroskey's motion to withdraw his pleas, his former attorney testified that he had explained the difference between a negotiated and nonnegotiated guilty plea to McCroskey by telling him that "a nonnegotiated plea is one in which the judge has total free reign within the sentencing range."

*Johnson v. State*[7] also bears similarity to this case in that they both involve a defendant who entered a nonnegotiated plea of guilty and then sought to withdraw the plea on the ground that his attorney had failed to inform him that his plea could not be withdrawn after the sentence was pronounced. Finding that argument without merit, we held:

> Though informing a defendant that he does not have a right to withdraw his guilty plea after his sentence is pronounced is a better practice because it makes his situation even more

---

[5] 212 Ga. App. 184 (1) (441 SE2d 507) (1994).
[6] Id. at 185 (1).
[7] 242 Ga. App. 89 (528 SE2d 861) (2000).

clear, there is no requirement that he be so informed. USCR 33.10 and 33.11 (D) both relate to the requirement that the trial court inform a defendant that he has a right to withdraw his guilty plea before sentence is pronounced *if the trial court intends to reject a negotiated plea agreement.*[8]

We declined to impose such a requirement in *Johnson* because the trial court's advice to the defendant that he may be given any sentence authorized by statute under the facts of the case adequately informs him that he may not withdraw his guilty plea as a matter of right after he has been sentenced. Otherwise, a defendant who has entered a nonnegotiated guilty plea could only be given a sentence to which he consents. Therefore, McCroskey's nonnegotiated guilty pleas are not invalidated by the fact that his attorney did not specifically inform him of that which should have been self-evident, i.e., that he did not have the right to withdraw his guilty plea based only on his dissatisfaction with the sentence.

2. McCroskey, however, additionally complains that his attorney affirmatively misrepresented to him that he *could* withdraw his guilty plea if he was dissatisfied with his sentence so long as this was done before written entry of sentence (the pre-*Germany* rule). And at the hearing on McCroskey's motion to withdraw his guilty pleas, his attorney did testify that until he researched the matter after sentencing, he had been under the misapprehension that this was the law and that he "probably" so advised McCroskey.

> In challenging the competency of an attorney in a claim of ineffective assistance, a criminal defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . [T]his two-prong test enunciated in *Strickland* is applicable to challenges to guilty pleas based upon counsel's ineffectiveness. Nevertheless, in order to satisfy the second prong of the *Strickland* test, that is, to meet the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[9]

---

[8] Id. at 91 (1) (b) (emphasis in original) (followed in *Brassfield v. State*, 242 Ga. App. 747, 748 (2) (531 SE2d 148) (2000)).

[9] *Hall v. State*, 210 Ga. App. 792, 793 (1) (437 SE2d 634) (1993) (citations and punctuation omitted), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Certainly an attorney who has told his client that he can withdraw his nonnegotiated guilty plea if he is dissatisfied with his sentence has given erroneous legal advice and thus has rendered assistance falling below an objective standard of reasonableness. The evidence in this case would authorize, but does not demand, a finding that such advice was given.[10] But even if such advice was given to McCroskey, it does not necessarily follow that he would not otherwise have pled guilty.[11] In that regard, counsel testified that McCroskey approached him with the idea of entering guilty pleas and that, at least initially, counsel did not think it advisable because of the stringent recidivist sentencing to which McCroskey would be subject whether he pled guilty or went to trial. (Counsel acknowledged, however, that by pleading guilty McCroskey might have avoided a possible life sentence.)

Whether counsel told McCroskey that he could withdraw his guilty plea after being sentenced — and whether there is a reasonable probability that, but for such advice, he would not have pled guilty — are issues which the trial court has not addressed either at the hearing on McCroskey's motion to withdraw his guilty pleas or in the order appealed. Therefore, we must vacate the order and remand the case to the trial court for consideration of these questions.

3. McCroskey also charges counsel with ineffective assistance in ignoring his repeated requests to withdraw his guilty plea during the sentencing hearing. Counsel, however, testified that McCroskey did not ask him to withdraw his guilty pleas until after the sentences had been announced, and the transcript of the sentencing hearing does not show otherwise. Therefore, the trial court's finding that McCroskey did not ask to withdraw his guilty plea until after sentencing is not clearly erroneous.[12]

*Judgments vacated and cases remanded. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JULY 25, 2006.

Jerry M. McCroskey, *pro se.*

---

[10] Although McCroskey's attorney testified that he probably gave such advice to McCroskey, McCroskey did not testify that such advice had been given.

[11] See *Johnson v. State*, supra.

[12] See *Washington v. State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003) (appellate court will uphold trial court's findings of fact on claim of ineffective assistance of counsel unless findings are clearly erroneous); *Wood v. State*, 190 Ga. App. 179, 181 (1) (378 SE2d 520) (1989) (mere contention that appellant was misled by counsel affords no basis for withdrawal of guilty plea where contention is unsupported by the record).

*Michael H. Crawford, District Attorney, Deborah S. Wilbanks, Assistant District Attorney*, for appellee.