### A07A2173. McCROSKEY v. THE STATE.
#### (660 SE2d 735)

BARNES, Chief Judge.

Jerry McCroskey, pro se, appeals the denial of his motion for an out-of-time appeal. The procedural posture of this appeal is rather unusual in that McCroskey entered guilty pleas under three different indictments in two jurisdictions — Rabun and Stephens Counties. A hearing on all three pleas was held in the Superior Court of Stephens County, and McCroskey entered three nonnegotiated guilty pleas. Immediately after the trial court pronounced the sentence, McCroskey sought to withdraw his guilty pleas, but the court found that the pleas had been freely and voluntarily entered, and refused to allow him to withdraw the pleas. McCroskey then filed written motions to withdraw his guilty pleas under the three different indictments in Rabun and Stephens Counties. The trial court denied the motions and McCroskey appealed to this Court from the denial of the three motions.

In *McCroskey v. State*, 280 Ga. App. 638 (634 SE2d 824) (2006), we vacated the three orders of the trial court denying McCroskey's motions to withdraw his guilty pleas and remanded the cases for a hearing on whether trial counsel told McCroskey incorrectly that he could withdraw his guilty plea after sentence was pronounced as long as it was done before written entry of the sentence. Id. at 641 (2).

After a hearing, the trial court once again denied McCroskey's motion to withdraw the guilty pleas. McCroskey filed two separate notices of appeal — one for Stephens County and one for Rabun County, both of which this Court dismissed upon finding the notices of appeal untimely. McCroskey then filed motions for out-of-time appeals, which the trial court denied. McCroskey again filed separate notices of appeals from the orders denying his motions for out-of-time appeals. The Rabun County notice of appeal was untimely, and this Court dismissed that appeal for lack of jurisdiction. The Stephens County order, however, was timely.

1. The State filed a motion to dismiss the appeal, arguing that McCroskey's brief enumerates as error the denial of his out-of-time appeal in Rabun County Superior Court rather than Stephens County Superior Court. The record reflects that the trial court acted

as superior court for both counties and entered the same order on the same day denying McCroskey's motions for out-of-time appeals in each county. As McCroskey's notice of appeal from the Stephens County Superior Court was timely, his error in confusing the counties in his appeal brief is inconsequential to the disposition of this case. Thus, the State's motion to dismiss is denied.

2. McCroskey argues that the trial court erred in denying his motion for an out-of-time appeal because his original notice of appeal should have been deemed timely under the pro se prisoner "mailbox rule" established in *Massaline v. Williams*, 274 Ga. 552, 555 (3) (a) (554 SE2d 720) (2001). We do not agree.

In *Massaline*, our Supreme Court held that when a prisoner who is proceeding pro se appeals from a decision on his habeas corpus petition, his notice of appeal will be deemed filed on the date he delivers it to prison authorities for forwarding to the clerk of the superior court, and the date on the certificate of service will give rise to a rebuttable presumption that the prisoner handed his filing to the prison officials on that date. Id. at 555. The mailbox rule in *Massaline* applies only to habeas petitions, however, not to direct appeals, and "does not exempt a pro se prisoner from complying with the statutory requirements to file a timely notice of appeal in any non-habeas criminal or civil filing." *Riley v. State*, 280 Ga. 267, 268 (626 SE2d 116) (2006).

Accordingly, the trial court did not err in denying McCroskey's motion for an out-of-time appeal.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 28, 2008 —
RECONSIDERATION DENIED APRIL 10, 2008 ▮

Jerry M. McCroskey, *pro se.*
*Michael H. Crawford, District Attorney, Richard K. Bridgeman, Assistant District Attorney*, for appellee.