### A09A2130. LEWIS v. THE STATE.
(685 SE2d 485)

ELLINGTON, Judge.

Darrell Lewis appeals from the trial court's denial of his motion for an out-of-time appeal. Finding no error, we affirm.

> An out-of-time appeal serves as the remedy for a frustrated right of appeal for a criminal defendant whose conviction has not been reviewed by an appellate court. It is the means by which a criminal defendant who lost his right to direct appeal of his criminal conviction due to counsel's negligence, ignorance, or misinterpretation of the law may gain that appellate review.

(Citations and punctuation omitted.) *Jackson v. State*, 280 Ga. 27, 28 (622 SE2d 356) (2005). "The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion." (Citation omitted.) *Dover v. State*, 237 Ga. App. 797, 798 (516 SE2d 839) (1999).

The relevant facts are as follows. In 1991, a Laurens County jury convicted Lewis on three counts of aggravated assault. Lewis filed a direct appeal, and this Court affirmed his convictions in *Lewis v. State*, 215 Ga. App. 161 (450 SE2d 448) (1994). In 1996, Lewis filed

---

[10] OCGA § 40-5-58 (b).
[11] See *King v. State*, 179 Ga. App. 184, 184-185 (345 SE2d 902) (1986).

a petition for a federal writ of habeas corpus, which was denied. *Lewis v. Linahan*, C.V. 396-030 (S.D. Ga. May 30, 1996). Lewis also filed a second habeas corpus petition in 2005, which was dismissed. *Lewis v. Head*, 2006 U. S. Dist. LEXIS 1309 (S.D. Ga., Jan. 4, 2006).

Lewis subsequently filed four motions with the trial court: a motion to vacate a null and void sentence and conviction, a motion for the production of evidence, a motion to amend a pending case, and a motion for the appointment of counsel. The trial court denied each of the motions on November 6, 2008. According to Lewis, on December 4, 2008, he mailed a notice of appeal from the orders, sending them to the Superior Court of Laurens County from the Coffee Correctional Facility, where he was incarcerated. The Laurens County court clerk never received that notice of appeal, however, so Lewis filed another notice of appeal from the orders on February 9, 2009. In a February 25, 2009 order, this Court dismissed Lewis' notice of appeal as untimely.

On May 6, 2009, Lewis filed the instant motion for an out-of-time appeal from the trial court's November 6, 2008 orders. In his motion, Lewis asserted that, due to the unexplained loss of his December 2008 notice of appeal and the dismissal of his February 2009 notice of appeal, he lost his right to appellate review of his conviction and, therefore, was entitled to an out-of-time appeal.

As shown above, though, Lewis has already had appellate review of his conviction pursuant to a direct appeal, as well as consideration of his habeas corpus petitions. Under these circumstances, Lewis is not entitled to another bite at the apple by way of an out-of-time appeal. *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001).

Now, in his appellate brief, Lewis argues that, pursuant to the pro se prisoner litigant "mailbox" rule enunciated in *Massaline v. Williams*, 274 Ga. 552, 554 (554 SE2d 720) (2001), his December notice of appeal should have been considered timely filed on the date he delivered it to prison authorities. According to Lewis, because that timely notice of appeal was lost in the mail, he never had the opportunity to have appellate review of the November orders, and the trial court should have granted his motion for an out-of-time appeal. The "mailbox" rule, however, applies only in the context of habeas corpus proceedings. *Riley v. State*, 280 Ga. 267, 268 (626 SE2d 116) (2006). Consequently, the trial court did not abuse its discretion in denying his motion for an out-of-time appeal on that basis.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 23, 2009.

Darrell Lewis, *pro se.*
*Louie C. Fraser, District Attorney, Chad A. Pritchett, Assistant District Attorney*, for appellee.