## A11A1533. JACKSON v. THE STATE.

(722 SE2d 80)

MILLER, Presiding Judge.

Curtis Jackson, proceeding pro se, appeals from the trial court's denial of his motion for an out-of-time appeal. We discern no error and affirm.

> [A]n out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal. In order for an out-of-time appeal to be granted, the burden is on the movant to establish that the procedural deficiency that resulted in the loss of the defendant's right to direct appeal was due to error of counsel. *If there is evidence sufficient to authorize a finding that the movant's conduct caused the loss of the right to direct appeal, the movant is not entitled to an out-of-time appeal.* We review a trial court's denial of a motion for an out-of-time direct appeal for an abuse of discretion.

(Punctuation and footnotes omitted; emphasis in original.) *Jeffcoat v. State*, 299 Ga. App. 54, 55 (682 SE2d 131) (2009).

The record shows that following Jackson's conviction, he filed a notice of appeal from the trial court's order denying his motion for new trial. Although the trial court's order was entered on April 22, 2010, Jackson's notice of appeal was not filed until June 8, 2010. Since Jackson's notice of appeal was filed untimely, this Court

dismissed Jackson's appeal.[1]

Following the dismissal, Jackson filed a motion for an out-of-time appeal. In support of his motion, Jackson claimed that he timely delivered the package containing the notice of appeal, along with 20 other motions, to the prison mailroom. Jackson asserted that he weighed and placed postage on the package, but it was returned as undelivered twice due to insufficient prepaid postage. In his third attempted mailing, Jackson placed more postage on the package, and thereafter, it was successfully mailed and delivered.

To the extent Jackson argued that the "mailbox" rule enunciated in *Massaline v. Williams*, 274 Ga. 552, 554 (554 SE2d 720) (2001), applied to render his notice of appeal as having been timely filed when he delivered it to the prison mailroom, his argument is unavailing. "The 'mailbox' rule . . . applies only in the context of habeas corpus proceedings. *Riley v. State*, 280 Ga. 267, 268 (626 SE2d 116) (2006)." (Punctuation omitted.) *Lewis v. State*, 300 Ga. App. 586, 587 (685 SE2d 485) (2009). The rule "does not exempt a pro se prisoner from complying with the statutory requirements to file a timely notice of appeal in any non-habeas criminal or civil filing." (Citation and punctuation omitted.) *McCroskey v. State*, 291 Ga. App. 15, 16 (2) (660 SE2d 735) (2008).

Moreover, the evidence shows that Jackson himself weighed and placed the improper amount of postage on his package prior to it being mailed. Since Jackson's own conduct caused the loss of his right to direct appeal, the trial court did not abuse its discretion in denying his motion for an out-of-time appeal. See *McCroskey*, supra, 291 Ga. App. at 16 (2).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED DECEMBER 8, 2011 —
RECONSIDERATION DENIED JANUARY 9, 2012 — ■

Curtis Jackson, *pro se.*

*Richard G. Milam, District Attorney, Lauren A. Love, Assistant District Attorney*, for appellee.

---

[1] See OCGA § 5-6-38 (a) (mandating that a notice of appeal must be filed within 30 days after entry of the decision or judgment sought to be appealed).