**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**April 30, 2013**

# In the Court of Appeals of Georgia

A13A0143. COSPER v. THE STATE.                          RA-005C

RAY, Judge.

On March 28, 2011, Christopher Lee Cosper entered a plea of child molestation and was sentenced to thirty years in custody to run concurrently with the sentence he was currently serving. In July 2012, he filed a pro se motion for leave to file an out-of-time appeal, which the trial court denied. Proceeding pro se, Cosper appeals, arguing issues involving the indictment, jurisdiction, venue and that he was subjected to double-jeopardy. For the reasons that follow, we affirm the trial court.

A trial court's denial of a criminal defendant's motion for an out-of-time appeal is directly appealable when the conviction at issue has not been the subject of a previous appeal, and we review that decision for abuse of discretion. *McMullen v.*

*State*, 292 Ga. 355, 355 (1) (737 SE2d 102) (2013); *Jackson v. State*, 313 Ga. App. 483 (722 SE2d 80) (2011).

> Out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to file a timely appeal and that deficiency caused prejudice.

(Citations omitted.) *Stephens v. State*, 291 Ga. 837, 837-838 (1) (733 SE2d 266) (2012). In this case, Cosper "did not allege that his failure to file a timely appeal of his conviction was due to any ineffective assistance of counsel, and that motion was therefore correctly denied." *McMullen*, supra at 355 (2).

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*