**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 2, 2013**

# In the Court of Appeals of Georgia

A13A0337. JACKSON v. THE STATE.                    MI-014C

MILLER, Judge.

Curtis Jackson, pro se, appeals from the trial court's dismissal of his emergency motion to modify and vacate a void sentence pursuant to OCGA § 17-10-1 (f). Jackson contends that the trial court improperly dismissed his motion as untimely, that his sentence is null and void because it exceeds the statutory maximum, and that his sentences should not have been imposed consecutively. Further, in his second enumeration, he contends that, at his sentencing, the trial judge was biased and invoked his personal emotions against him.

The record shows that a jury found Jackson guilty of two counts of receiving stolen property (OCGA § 16-8-7 (a)), and one count of operating a vehicle without a valid license plate. Jackson was sentenced to ten years on each theft by receiving

count, to be served consecutively to one another. Jackson filed an appeal of the trial court's denial of his motion for an out-of-time appeal, which was affirmed by this Court in *Jackson v. State*, 313 Ga. App. 483 (722 SE2d 80) (2011). Jackson applied for a writ of certiorari, which was denied by the Georgia Supreme Court on October 1, 2012. *Jackson v. State*, 2012 Ga. LEXIS 1031 (Ga., Oct. 1, 2012). Prior to this, however, on July 16, 2012, Jackson filed in the trial court his emergency motion to modify and correct sentence, which the trial court dismissed on August 16, 2012 as untimely. The remittitur from this Court was issued to the trial court on January 8, 2013.

1. Jackson contends that the trial court incorrectly dismissed as untimely his motion to modify and vacate sentence. We agree. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118 (676 SE2d 465) (2009).

Therefore, as shown by the chronology set out above, the trial court's dismissal of Jackson's motion to modify and correct sentence as untimely was error.

2. Jackson contends that the trial court erred in imposing consecutive sentences. We agree. As correctly conceded by the State in its brief, the separate counts of theft by receiving stolen property may merge as a matter of fact and Jackson cannot be sentenced for two consecutive 10-year terms.

"[W]ith respect to receiving or concealing stolen property . . . [if] articles stolen at different times from several persons [are] received and concealed by the same act . . . then there is but one offense." (Citations and punctuation omitted.) *Hardin v. State*, 141 Ga. App. 115, 118 (4) (232 SE2d 631) (1977); see also *Westmoreland v. State*, 151 Ga. App. 850, 851 (261 SE2d 761) (1979).

Therefore, this case must be remanded to the trial court for re-sentencing consistent with this opinion.

3. We are unable to consider Jackson's contentions that the trial court was biased and invoked his personal opinion against Jackson during his sentencing hearing, because these questions of whether the sentence was fair do not bear on whether a sentence was void and subject to a sentence modification under OCGA § 17-10-1 (f). *See Mosley v. State*, 301 Ga. App. 47, 49 (686 SE2d 833) (2009) (dismissing direct appeal of motion to vacate sentence based on claims asserting procedural defects). Any allegations of unfairness or bias relating to his sentence

should have been raised in Jackson's first appeal,[1] and he cannot raise these issues on his second appeal. See id. In any event, we have examined the transcript of that hearing and find no evidence of bias on the part of the trial court.

*Judgment reversed and remanded with direction. Barnes, P. J., and Ray, J., concur.*

---

[1] Jackson's first appeal was filed untimely, and we dismissed his appeal. See *Jackson v. State*, 313 Ga. App. 483, 483-484 (722 SE2d 80) (2011). He filed a motion for an out-of-time appeal with the trial court. Id. at 484 The trial court denied his motion, and we affirmed the trial court's ruling. Id.