# Court of Appeals
# of the State of Georgia

ATLANTA,   September 22, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0045.  REUBEN WALLS v. THE STATE.**

A jury convicted Reuben Walls of aggravated assault and aggravated battery in 2002.  We affirmed his judgment of conviction on direct appeal.  *Walls v. State*, 283 Ga. App. 560 (642 SE2d 195) (2007).  Walls later filed several motions to set aside a void sentence, as well as an extraordinary motion for a new trial, all of which the trial court denied in August 2011.  In December 2011, Walls moved for leave to file an out-of-time appeal to challenge the denial of his motions to set aside a void sentence and extraordinary motion for a new trial.  The trial court denied Walls's December 2011 motion, which it construed as a motion to reconsider the denial of his motions to set aside a void sentence.  This direct appeal followed.  We lack jurisdiction.

An out-of-time appeal is appropriate only when a defendant has a right to a direct appeal.  *Grantham v. State*, 267 Ga. 635, 635 (481 SE2D 219) (1997).  A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motions to set aside a void sentence, Walls argued that his convictions for aggravated assault and aggravated battery should have merged and that his trial counsel rendered ineffective assistance.  Walls's merger claim is a challenge to his convictions, and not his sentences, and thus does not state a valid void-sentence

claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). Walls's ineffective-assistance claim did not implicate the statutory range of punishments in his case, and thus also did not raise a valid void-sentence claim. See *Jones*, supra at 670. To the extent that Walls sought to challenge his convictions in either of these claims, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." (Punctuation omitted.) *Williams*, supra at 192. Consequently, Walls was not entitled to a direct appeal from the denial of his motions to set aside a void sentence. See *Harper*, supra at 217 n.1; *Burg*, 297 supra at 119.

Walls also was not entitled to a direct appeal from the denial of his extraordinary motion for a new trial, which must be appealed by application for discretionary review. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). Moreover, as discussed above, Walls already has obtained a review of his judgment of conviction by way of a direct appeal. See *Milliken v. State*, 259 Ga. App. 144, 145 (575 SE2d 910) (2003) (an out-of-time appeal "is not a remedy available to a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal since that defendant is not entitled to a second direct appeal from his judgment of conviction" (punctuation omitted)); see also *Lewis v. State*, 300 Ga. App. 586, 587 (685 SE2d 485) (2009). Consequently, regardless of whether the trial court erred when it construed Walls's motion for an out-of-time appeal as a motion for reconsideration, Walls was not entitled to a direct appeal in this case. As a result, he also was not entitled to an out-of-time appeal. See *Grantham*, supra at 635.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____09/22/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*