# Court of Appeals
# of the State of Georgia

ATLANTA,  December 06, 2016

*The Court of Appeals hereby passes the following order:*

## A16A1758.  COREY D. RICHARDSON v. THE STATE.

In 2008, a jury found Corey Richardson guilty of aggravated child molestation, and the trial court imposed a life sentence, with the first 25 years to be served in prison and the remainder to be served on probation.  In an unpublished opinion on direct appeal, we affirmed Richardson's conviction but remanded to the trial court to correct a sentencing error.  *Richardson v. State*, 325 Ga. App XXVI (Feb. 18, 2014).  On remand, the trial court imposed a 20-year prison sentence, after which Richardson filed a motion to correct an illegal and/or void sentence.  The trial court denied Richardson's motion, and we affirmed on direct appeal.  *Richardson v. State*, 334 Ga. App. 344 (779 SE2d 406) (2015).

In February 2016, Richardson filed a "Motion to Challenge Conviction," in which he argued that his indictment was deficient and that the State failed to establish venue at his trial.  The trial court denied Richardson's motion in an order entered on February 12, 2016.  On March 28, 2016, Richardson moved for leave to file an out-of-time appeal to challenge the denial of his "Motion to Challenge Conviction," which the trial court also denied.  Richardson then filed this direct appeal.  We lack jurisdiction.

An out-of-time appeal is appropriate only when a defendant has a right to a direct appeal.  *Grantham v. State*, 267 Ga. 635, 635 (481 SE2d 219) (1997).  "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  Because

Richardson has no right to a direct appeal in this case, he is not entitled to an out-of-time appeal. See *Grantham*, 267 Ga. at 635.

Richardson also has no right to an out-of-time appeal for the additional reason that, as discussed above, he already has obtained review of his judgment of conviction by way of a direct appeal. See *Milliken v. State*, 259 Ga. App. 144, 145 (575 SE2d 910) (2003) (an out-of-time appeal "is not a remedy available to a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal since that defendant is not entitled to a second direct appeal from his judgment of conviction"); see also *Lewis v. State*, 300 Ga. App. 586, 587 (685 SE2d 485) (2009).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction. The State's motion to dismiss this appeal on the ground that Richardson has abandoned all of his claims on appeal is DENIED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 12/06/2016*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*