# Court of Appeals
# of the State of Georgia

ATLANTA,  February 01, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1223. CALVIN J. SMITH v. THE STATE.**

In 2017, a jury convicted Calvin J. Smith of possession of a firearm by a convicted felon. Smith subsequently filed a motion to vacate a void sentence, arguing that his acquittal on other charges barred his conviction for possessing a firearm. The trial court denied the motion on January 11, 2018, and Smith filed his notice of appeal on February 26, 2018. We lack jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after entry of the order on appeal. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Because Smith's notice of appeal was filed 46 days after entry of the trial court's order, we lack jurisdiction over this appeal.[1]

Even if the notice of appeal were timely, this appeal would be subject to dismissal. A direct appeal may lie from an order denying a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610,

---

[1] According to the certificate of service, Smith mailed his notice of appeal on February 5, 2018, but it was not entered by the trial court clerk until February 26, 2018. Although Smith would be given the benefit of a "mailbox rule" for a habeas matter, the rule does not apply to this non-habeas motion. See *Jackson v. State*, 313 Ga. App. 483, 484 (722 SE2d 80) (2011).

611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Smith does not allege that the five-year sentence exceeded the maximum allowable sentence. Rather, he challenges the conviction itself. The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___02/01/2019_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____, Clerk.