# Court of Appeals
# of the State of Georgia

ATLANTA,  March 27, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0291.  JONATHAN TILLMAN v. THE STATE.**

In 2022, Jonathan Tillman was convicted of aggravated assault and other crimes. Proceeding pro se, Tillman filed a motion to dismiss his indictment for lack of subject-matter jurisdiction and a motion to correct and vacate a void sentence.[1] In two orders, the trial court denied Tillman's motions. He filed this application for discretionary appeal on February 28, 2025. We lack jurisdiction.

Neither of the orders Tillman included with the application materials are file-stamped and, although we ordered Tillman to provide this Court with file-stamped orders, he was unable to do so. See Court of Appeals Rule 31 (c).

However, according to Tillman's application, the trial court's orders were entered on January 6, 2025. To be timely, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).

Although Tillman urges us to extend the statutory deadline by applying the mailbox rule, that rule does not apply here. The mailbox rule "applies only to habeas petitions, . . . and does not exempt a pro se prisoner from complying with the statutory

---

[1] In violation of our Court rules, Tillman has not included either of his motions with the application materials. See Court of Appeals Rule 31 (e) ("The applicant shall include with the application a copy of any petition or motion that led directly to the order or judgment being appealed[.]").

requirements to file a timely . . . appeal in any non-habeas criminal or civil filing." *McCroskey v. State*, 291 Ga. App. 15, 16 (2) (660 SE2d 735) (2008) (citation and punctuation omitted); accord *Jackson v. State*, 313 Ga. App. 483, 484 (722 SE2d 80) (2011). Even so, this Court dated Tillman's application according to its post-mark date of February 28, rather than the date it was received. See Court of Appeals Rule 4 (c). But ultimately, Tillman's February 28 application was filed 53 days after entry of the orders he seeks to appeal.

Because this application was not timely filed, it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 03/27/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*