A96A0942. MINGLEDORFF v. STOKELY.
(477 SE2d 374)

McMURRAY, Presiding Judge.

Al Freddie Mingledorff, an inmate at the Calhoun Correctional Institution, filed an action, pro se, against Alan Stokely for damages he allegedly sustained as a result of Stokely's negligence. Stokely filed a motion to dismiss the complaint because Mingledorff filed the action seven days after expiration of the two-year statute of limitation. Mingledorff responded with a motion to amend the complaint's filing date, asserting that the trial court's clerk received the complaint 12 days before expiration of the statute of limitation, but "held up processing [the] lawsuit [because] additional forms needed [for processing the complaint were not included in the forms prison offi-

cials gave him for initiating his lawsuit]."[1] Mingledorff asserts that he resubmitted the complaint — with the necessary papers — to prison officials five days before expiration of the statute of limitation; that prison officials delayed posting these papers until a day before expiration of the statute of limitation and that, as a result of this delay, the trial court clerk did not receive his complaint until a day after expiration of the statute of limitation. Mingledorff argued that his complaint should not be dismissed because he has access to the trial court only "via the U. S. Mail by the permission and assistance of authorities over [him and that these prison officials imposed] restrictions and prohibitions that severely obstructed the timely filing of the law suit [and violated his] constitutional right to affirmative governmental assistance in the preparation and filing of legal papers, according to Bounds v. Smith, 430 U. S. 817 (1977); and (H.B. 92, Act No. 585, Georgia Laws 1985)."

The trial court recognized that its clerk first received Mingledorff's "civil action" 12 days before expiration of the statute of limitation, but concluded that this mailing did not constitute entry of the complaint because Mingledorff did not then comply with the filing requirement prescribed by Uniform Superior Court Rule 36.10. The trial court also found it unnecessary to deal with Mingledorff's motion to amend the complaint's filing date because the trial court's clerk did not receive all forms necessary for processing the complaint until after expiration of the statute of limitation. The trial court therefore dismissed Mingledorff's complaint based on expiration of the statute of limitation. This appeal followed. *Held*:

1. Mingledorff's motion for this Court to appoint an attorney to represent him on appeal is hereby denied. " '(T)his being a civil proceeding, [Mingledorff], though indigent, [is] not entitled to have . . . appointed counsel. . . .' *Crawford v. Linahan*, 243 Ga. 161, 165 (253 SE2d 171) (1979)." *Frazier v. Merritt*, 190 Ga. App. 832 (1) (380 SE2d 495).

2. While some federal courts allow pro se inmates to file certain civil pleadings with the jailer, *Garvey v. Vaughn*, 993 F2d 776 (11th Cir. 1993), such a rule does not prevail in Georgia. "A civil action is commenced by filing a complaint with the court." OCGA § 9-11-3. And filing "with the court" does not mean depositing the complaint in the mail. See *State of Ga. v. Jones*, 125 Ga. App. 361 (187 SE2d 902). If the United States Postal Service is chosen as a means of transmittal of the complaint, the complaint must be delivered to "the clerk's

---

[1] Mingledorff's complaint is on a form entitled, "Inmate Form for Civil Action." This standard form not only provides sections pertinent to the inmate/plaintiff's civil action, but also provides sections pertinent to the inmate/plaintiff's criminal conviction, sentence and history of civil litigation.

official receptacle for the receipt of mailed pleadings in plenty of time for it to be picked up and stamped as filed before the limitation period [runs, except that a trial judge may permit such filings with him or her. OCGA § 9-11-5 (e)]." *Stephens v. Espy*, 213 Ga. App. 580 (445 SE2d 292). Liberty from this rule is sparingly considered and then only in cases involving "the careless innocent." Justice Hardy Gregory, Jr., Ga. Civil Practice, pp. 79, 82, § 2-2 (B) (1990 ed.). See *Griffith v. Mitchell*, 117 Ga. 476, 478-480 (43 SE 742), and *Forsyth v. Hale*, 166 Ga. App. 340, 341-344 (304 SE2d 81). Compare *Lackey v. Crittenden*, 217 Ga. App. 432 (457 SE2d 701).

In the case sub judice, we cannot say Mingledorff is a "careless innocent" with regard to the delayed filing of his complaint. Mingledorff's complaint was filed after expiration of the statute of limitation because Mingledorff waited until the eleventh hour to assert his claim in state court and he then neglected to comply with the filing procedures prescribed by USCR 36.10.[2] Moreover, while prison officials may be to blame for the filing of Mingledorff's complaint after expiration of the statute of limitation, Stokely had nothing to do with this untimely filing. He should therefore not suffer an extension of the two-year statute of limitation. Consequently, since it is undisputed that Mingledorff's complaint was not filed in accordance with OCGA § 9-11-5 (e) and USCR 36.10 before expiration of the applicable statute of limitation, the trial court did not err in granting Stokely's motion to dismiss Mingledorff's complaint.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 15, 1996 — 

Al F. Mingledorff, *pro se.*
*Beckmann & Pinson, Walter W. Ballew III*, for appellee.

---

[2] This rule pertinently provides as follows: "Complaints or petitions presented to the clerk for filing shall be filed only when accompanied by the proper filing fee, fee for sheriff service or a pauper's affidavit and, when applicable, any forms required by law or rule to be completed by the parties."