S05A2063. RILEY v. THE STATE.
(626 SE2d 116)

MELTON, Justice.

Appellant Christopher Riley, a prison inmate, appeals from the order of the superior court dismissing his pro se notice of appeal as untimely. Because we find that the trial court did not err, we affirm.

The salient facts are not in dispute. Riley's convictions for the malice murder and armed robbery of Charles McGinnis were affirmed in *Riley v. State*, 248 Ga. 107 (281 SE2d 533) (1981). Riley thereafter filed a motion in the trial court seeking to have his convictions declared void due to alleged irregularities in the trial jury pool. The trial court dismissed the motion, concluding that Riley was required to raise the jury pool issue in a habeas petition. On May 20, 2005, this Court granted Riley's application for discretionary appeal from that order to address whether the issue raised constituted "a case in which an appeal can be sought by means of an application for discretionary appeal." However, Riley's notice of appeal that was due May 30, 2005, was mailed on May 31 and not filed in the trial court until June 3. The trial court subsequently granted the State's motion to dismiss based upon the untimely filed notice of appeal.

Even though Riley acknowledges that his notice of appeal was not filed within ten days after we issued the order granting the appeal, see OCGA § 5-6-35 (g), he contends that his appeal is nevertheless timely because this Court adopted a prisoner litigant mailbox rule in *Massaline v. Williams*, 274 Ga. 552, 554 (554 SE2d 720) (2001).

*Massaline,* however, by its explicit terms applies only in the narrow context of habeas corpus appeals to permit a pro se prisoner's notice of appeal to be deemed filed on the date delivered to prison authorities. Georgia's prison mailbox rule mitigates "the considerable challenges presented to a pro se prisoner's ability to pursue his constitutional right to habeas corpus . . . ," and limits the remedial nature of the rule to solely address "the unique circumstances faced by pro se prisoners who bring their habeas corpus petitions to this Court." Id. at 553. Accordingly, contrary to Riley's assertion, the mailbox rule established in *Massaline* does not exempt a pro se prisoner from complying with the statutory requirements to file a timely notice of appeal in any non-habeas criminal or civil filing.

Riley was required to file his notice of appeal in the superior court on or before May 30, 2005. He failed to do so. Because the notice of appeal was not filed in the court in a timely manner, the trial court did not err in granting the State's motion to dismiss. See OCGA § 5-6-48 (b) (1) (statutorily authorizes dismissal of an appeal in the instance where appellant fails to timely file a notice of appeal); *Sieg v. Sieg,* 265 Ga. 384 (1) (455 SE2d 830) (1995) (assumes a trial court has the authority under OCGA § 5-6-48 to dismiss an appeal).[1]

*Judgment affirmed. All the Justices concur, except Sears, C. J., and Hunstein, P. J., who dissent.*

DECIDED JANUARY 30, 2006 —
RECONSIDERATION DENIED FEBRUARY 27, 2006.

Christopher Riley, *pro se.*
*Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.

---

[1] We note that the issue we sought to review here is still before the Court in *Romano v. State,* S06A0637, where the pro se prisoner litigant timely filed a notice of appeal.