COX, Circuit Judge,
dissenting:
My guess is that the Georgia Supreme Court would decide this case the same way today’s court decides it. The result is certainly equitable. A decision to certify a question of state law to the supreme court of that state is a discretionary one, Escareno v. Noltina Crucible & Refractory Corp., 139 F.3d 1456, 1461 (11th Cir.1998), but in my view a proper exercise of our discretion in this case requires certification. Aong the way to reaching the result the court reaches today it overrules sub silen-tio some Georgia precedent and decides an important question of Georgia law.
Today’s decision finds little support in Georgia precedent. Georgia’s Civil Practice Act (“CPA”), Ga.Code Ann. §§ 9-11-1 to -133, “applies in habeas corpus proceedings with regard to questions of pleading and practice.” Rolland v. Martin, 281 Ga. 190, 637 S.E.2d 23, 24 (2006) (quoting State v. Jaramillo, 279 Ga. 691, 620 S.E.2d 798, 800 (2005)). Under the CPA, “[a] civil action is commenced by filing a complaint with the court.” Ga.Code Ann. § 9 — 11— 3(a). Thus in Georgia, a petition for a writ of habeas corpus is “properly filed” with the court. Georgia has not liberally interpreted the phrase “with the court.” “While some federal courts allow pro se inmates to file certain civil pleadings with the jailer, such a rule does not prevail in Georgia. ‘A civil action is commenced by filing a complaint with the court.’ And filing ‘with the court’ does not mean depositing the complaint in the mail.” Mingledorff v. Stokely, 223 Ga.App. 183, 477 S.E.2d 374, 375 (1996) (citations omitted). Nothing in Massaline v. Williams, 274 Ga. 552, 554 S.E.2d 720 (2001), or in any other Georgia decision, overrules precedent that a civil action is commenced by a proper filing “with the court.”
The habeas appeals statute at issue in Massaline, Ga.Code Ann. § 9-14-52(b), includes a similar requirement, that habeas appeals must be filed “with the clerk.” Over a vigorous dissent, the supreme court held, consistent with other Georgia statutes including a “with the clerk” requirement, that a prisoner’s notice of appeal and certificate of probable cause to appeal *852 denial of habeas relief are deemed filed “on the date [the prisoner] delivers them to prison authorities for forwarding to the clerks of this Court and the superior court ...554 S.E.2d at 722-23. But, Georgia courts have not yet expanded this narrow and judicially-created exception, which, before today, applied only to habeas appeals.
In Riley v. State, 280 Ga. 267, 626 S.E.2d 116 (2006), the Georgia Supreme Court said, “Massaline ... by its explicit terms applies only in the narrow context of habeas corpus appeals to permit a pro se prisoner’s notice of appeal to be deemed filed on the date delivered to prison authorities.” Id. at 117. Although the issue before the Riley court was not whether the mailbox rule applied to initial habeas filings, the court twice explicitly limited Massaline’s application to “appeals.” Also, in McCroskey v. State, — Ga.App. -, 660 S.E.2d 735, No. 07-2173, 2008 WL 518219 (Ga.Ct.App. Feb. 28, 2008), the Georgia Court of Appeals refused to extend Massaline to a pro se prisoner’s notice of direct appeal.
Two federal district courts in Georgia, the Northern and Middle Districts, have relied on Riley in holding, in unpublished opinions, that the mailbox rule does not apply to initial habeas filings. See Phillips v. Brown, No. 07-01601, 2008 WL 140712, *3 n. 2 (N.D.Ga. Jan. 11, 2008) (citing Riley) (“[I]t appears that, under Georgia law, this [prison mailbox] rule does not apply to the original filing of a state habeas petition.”); Green v. Nelson, No. 06-00120, 2007 WL 2460770, *3 (M.D.Ga. Aug. 24, 2007) (citing Riley) (“The Georgia Mailbox rule does not apply to the filing of the original state habeas petition, only to the application for certificate of probable cause to appeal and the notice of appeal of the state habeas petition.”).
I would certify the question to the Georgia Supreme Court.