[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15861
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01805-CV-ODE-1

DOUGLAS J. STICKELS,

Plaintiff-Appellant,

versus

CHIEF POLICE,
GCPD,
GWINNETT COUNTY POLICE DEPARTMENT,
(GCPD),
GWINNETT COUNTY, GA,
COUNTY COMMISSIONERS,
Gwinnett Cty, GA,
JOHN DOES 1,2,3,ETC.,
All defendants in their Individual
and Official Capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 28, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Douglas J. Stickels, a state prisoner proceeding pro se, appeals from the district court's dismissal, pursuant to 28 U.S.C. § 1915A(b)(1), of his 42 U.S.C. § 1983 federal civil rights action. In his action, he asserted that the Gwinnett County Police Department violated his constitutional rights by refusing to return a laptop seized at his house upon his arrest. He filed two civil actions in state court arising from this incident: (1) one was dismissed for insufficient service of process, and the appeal was dismissed as untimely; and (2) the other was dismissed "on a technicality," and the appeal and petition for certiorari were denied. On appeal here, Stickels argues all meaningful state remedies were "blocked" when the state superior court prematurely dismissed one of his claims and the court of appeals dismissed his case after his brief was a day late. After thorough review, we affirm.

We review de novo a district court's sua sponte dismissal for frivolity or failure to state a claim under § 1915A(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Section 1915A requires the court to review a complaint filed by a prisoner-plaintiff against a governmental entity or officer and to dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

The Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property, so long as a meaningful post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). We have noted that the state of Georgia "provide[s] an adequate postdeprivation remedy [through a civil cause of action for the wrongful conversion of property] when a plaintiff claims that the state has retained his property without due process of law," Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (quotation omitted). And the U.S. Supreme Court has said that "the State certainly accords due process when it terminates a claim for failure to comply with a reasonable procedural . . . rule," Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982) (emphasis omitted). In Georgia, the applicable version of Georgia Court of Appeals Rule 4(c) deemed a postmark date the filing date only when the document was sent by certified or registered mail. In addition, the prisoner mailbox rule applies only to habeas cases and "does not exempt a pro se prisoner from complying with the statutory requirements to file a timely notice of appeal in any non-habeas criminal or civil filing." Riley v. State, 626 S.E.2d 116, 117 (Ga.), cert. denied, 127 S.Ct. 53 (2006).

The district court did not err in dismissing Stickels' action. Stickels had an adequate state post-deprivation remedy for the failure of the police to return his

3

property, i.e., a state wrongful conversion claim. See Hudson, 468 U.S. at 533; Lindsey, 936 F.2d at 561. Moreover, since Georgia courts could reasonably permit postmarks to serve as filing dates only on certified or registered mail and limit the prisoner mailbox rule to habeas filings, Stickels' failure to file a timely appellate brief in state court did not render his post-deprivation remedy inadequate. See Logan, 455 U.S. at 437. Accordingly, we affirm.

**AFFIRMED.**