FILED
United States Court of Appeals
Tenth Circuit

January 11, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BRIAN STENGEL,

    Plaintiff - Appellant,

v.

NEW MEXICO CORRECTIONS
DEPARTMENT; GERMAN FRANCO;
BRIAN JOHNSON; MICHAEL
LAWTON; MARK SENA; SERGIO
SAPIEN; MICHELLE BOYER,

    Defendants - Appellees.

No. 15-2183
(D.C. No. 2:15-CV-00246-WJ-KBM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Brian Stengel appeals the district court's dismissal of his

complaint with prejudice. He also requests leave to proceed in forma pauperis (IFP) on

_____

[*] After examining Stengel's brief and the appellate record, this panel has
determined unanimously to honor Stengel's request for a decision on the brief without
oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value. Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Stengel proceeds pro se, we liberally construe his filings and apply a
more forgiving standard than we apply to attorney-drafted filings. *Garrett v. Selby
Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we won't act as his
advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

appeal. We grant Stengel's motion to proceed IFP, but affirm the district court's order of dismissal.

## BACKGROUND

While incarcerated at the Lea County Correctional Facility (LCCF) in New Mexico, Brian Stengel filed a pro se 42 U.S.C. § 1983 complaint. Stengel alleged that LCCF employees violated his due process rights by illegally confiscating his guitar, and violated his First Amendment rights by preventing him from utilizing LCCF's grievance process.

The district court dismissed Stengel's complaint with prejudice under 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6). First, the district court cited *Hudson v. Palmer*, 468 U.S. 517 (1984), for the proposition that an "intentional deprivation of property by a state employee does not constitute" a due process violation so long as "a meaningful postdeprivation remedy for the loss is available." *Id.* at 533. Citing N.M. Stat. Ann. § 41-4-6(A) and N.M. Stat. Ann. § 41-4-12, the district court concluded New Mexico law provides an adequate remedy for the alleged confiscation of Stengel's guitar. Thus, the district court dismissed his due process claim.

The district court then turned to Stengel's First Amendment claim. Citing *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991), the court explained that "[w]hen [a] claim underlying [an] administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Id.* at 729. Because Stengel's act of filing his complaint belied any assertion that the defendants interfered

with his access to the courts, the district court dismissed Stengel's First Amendment claim, too. Stengel appealed.

## DISCUSSION

Initially, we note that the district court didn't explicitly state whether it dismissed Stengel's complaint as frivolous under § 1915(e)(2)(B)(i), or for failure to state a claim under § 1915(e)(2)(B)(ii) and Rule 12(b)(6). But it did set forth the legal test for dismissing a complaint for failure to state a claim. Because the district court never referenced the legal test for frivolousness, we surmise the district court dismissed Stengel's claims under § 1915(e)(2)(B)(ii) and Rule 12(b)(6).[2] Thus, our review is de novo. *See Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010); *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Before turning to the merits, we also address Stengel's assertion that the district court erred by failing to liberally construe his pleadings and by holding him to the "same standards" that apply to hired counsel. Aplt. Br. 13. *See Hall*, 935 F.2d at 1110. The district court acknowledged its obligation to construe Stengel's allegations liberally. And it correctly stated the "standard" for dismissal was whether it was patently obvious that (1) Stengel couldn't prevail on the alleged facts, and (2) allowing him an opportunity to amend would be futile.[3] *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir.

---

[2] This conclusion makes it unnecessary to address Stengel's assertion that the district court erred in dismissing his claims under § 1915(e)(2)(B)(i).

[3] Elsewhere, Stengel argues the district court should have dismissed only if it concluded Stengel could "prove no set of facts in support of his claim[s] which would entitle him to relief." Aplt. Br. 6-7 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

1999) (setting forth test for sua sponte dismissal of pro se complaint for failure to state a claim). Thus, we find no error.

Likewise, we reject Stengel's argument that the district court erred in using its "legal knowledge and prowess against [him] to dismiss his case" instead of "attempt[ing] to keep [him] in the court." Aplt. Br. 16. Stengel's argument overlooks the district court's duty to dismiss Stengel's complaint if it failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, we have explicitly warned district courts against assuming the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

Emphasizing the facts alleged in his complaint, Stengel argues the district court erred in dismissing his complaint for failure to state a claim.[4] But the district court didn't dismiss Stengel's claims because it found his factual allegations improbable, conclusory, or lacking in specificity; it dismissed because it found his claims legally untenable.

Stengel's attempts to attack that legal conclusion fare no better. First, Stengel asserts the district court erred in relying on *Hudson* in dismissing his due process claim because, according to Stengel, LCCF's deputy warden "authorized" the alleged confiscation of Stengel's guitar. Aplt. Br. 17.

---

*abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The Supreme Court has long-since "retired the *Conley* no-set-of-facts test." *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009).

[4] At the outset, Stengel suggests the district court erred in proceeding without the benefit of a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317, 318-20 (10th Cir. 1978). We disagree. "This court's precedent permitting the use of *Martinez* reports from prison authorities does not somehow create a procedural entitlement on behalf of prisoners seeking to avoid dismissal of deficient pleadings under Rule 12(b)(6)." *Christensen v. Big Horn Cty. Bd. of Cty. Comm'rs*, 374 F. App'x 821, 825 (10th Cir. 2010) (unpublished).

In *Hudson*, the Supreme Court reiterated that when property loss "is occasioned by a random, unauthorized act by a state employee, *rather than by an established state procedure*, the state cannot predict when the loss will occur," thus rendering a predeprivation hearing impracticable. 468 U.S. at 532 (emphasis added). Under such circumstances, the Due Process Clause is satisfied so long as "a meaningful postdeprivation remedy for the loss is available." *Id.* at 533.

Here, Stengel doesn't suggest the alleged deprivation was authorized by an established state procedure itself. Nor does he cite any authority indicating authorization by a rogue state employee might allow the state to "predict when [a] loss will occur," thus putting it "in a position to provide for predeprivation process." *Id.* at 532, 534. Accordingly, we decline to address whether the assistant warden's alleged authorization renders *Hudson* inapplicable. *See* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to include "citations to the authorities . . . on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to meet Rule 28's requirements).

Next, Stengel asserts the district court erred in concluding New Mexico's state tort remedies provide a postdeprivation remedy sufficient, under *Hudson*, to foreclose his due process claim. According to Stengel, New Mexico's remedies are "neither available nor meaningful to an incarcerated uneducated pro se indigent petitioner with limited legal access." Aplt. Br. 17.

We acknowledge the "unique obstacles" pro se prisoners face in obtaining legal relief. *Taylor v. Williams*, 528 F.3d 847, 850 (11th Cir. 2008) (quoting *Massaline v.*

5

*Williams*, 554 S.E.2d 720, 721 (Ga. 2001)). Yet Stengel provides no authority suggesting those obstacles render such relief inadequate for purposes of *Hudson*. On the contrary, the plaintiff in *Hudson*—for whom the Court found the state's postdeprivation remedies adequate—was a pro se inmate. 468 U.S. at 519-20, 536. We find no error in the district court's conclusion that Stengel's complaint fails to state a claim.

Alternatively, Stengel argues the court erred in sua sponte dismissing his complaint without giving him a chance to amend it. *See Perkins*, 165 F.3d at 806 (explaining district court may only sua sponte dismiss pro se complaint for failure to state a claim if amendment would be futile).

First, Stengel asserts he would have amended his complaint to allege an intent to retaliate. But we fail to see how such allegations might salvage his claims. Second, Stengel says he would have alleged facts establishing the unavailability of meaningful access to state remedies. Because Stengel doesn't specify what those facts might be, we can only assume he's referring to his earlier assertion that indigent pro se prisoners lack such access. For the reasons discussed above, we find that argument unconvincing.

Finally, Stengel insists he would have "include[d] other constitutional violations that had not occurred to him at the time such as Equal Protection and Eigth [sic] Amendment claims." Aplt. Br. 12. It's unclear how the facts alleged in the complaint would support such claims, and we can hardly expect district courts to be prescient. In any event, Stengel provides neither arguments nor authorities suggesting he could state a claim under either the Equal Protection Clause or the Eighth Amendment. Thus, we decline to address this argument. *See* Fed. R. App. P. 28(a)(8)(A) (explaining appellant's

6

brief must contain "contentions and the reasons for them, with citations to the authorities" appellant relies on); *Garrett*, 425 F.3d at 841 ("[W]hen a pro se litigant fails to comply with [Rule 28], we cannot fill the void by crafting arguments and performing the necessary legal research." (first alteration in original) (quoting *Anderson v. Hardma*n, 241 F.3d 544, 545 (7th Cir. 2001))).

### CONCLUSION

For the reasons discussed above, we affirm the district court's order dismissing Stengel's complaint with prejudice. And while we grant Stengel's motion to proceed IFP under 28 U.S.C. § 1915(a)(1),[5] we remind him that § 1915(a)(1) only "excuse[s] the *pre-payment of fees*." *Brown*, 725 F.3d at 1231 (quoting *Robbins v. Switze*r, 104 F.3d 895, 898 (7th Cir. 1997)). Thus, Stengel "remains liable for the full amount of the filing fee," which he must pay when he is able. *Id.*

Entered for the Court,


Nancy L. Moritz
Circuit Judge

---

[5] Because Stengel is no longer incarcerated, the Prison Litigation Reform Act doesn't apply to him. *Brown v. Eppler*, 725 F.3d 1221, 1230 n.7 (10th Cir. 2013). Nevertheless, § 1915(a)(1) "applies to all persons applying for IFP status, and not just to prisoners." *Id.* at 1229 n.6 (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).

7