**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 15, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ISAIAH JENNINGS,

    Plaintiff - Appellant,

v.

JAMES YATES, Warden; KEITH
BROWN, Chief of Security,

    Defendants - Appellees.

No. 19-6029
(D.C. No. 5:18-CV-01126-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **EID**, Circuit Judges.
_____

Isaiah Jennings, an Oklahoma inmate appearing pro se, appeals the district

court's dismissal of his 42 U.S.C. § 1983 claims for alleged violations of his

constitutional rights in connection with a prison disciplinary action. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.   Background

Jennings alleges that on July 17, 2017, a guard found a cell phone and two cell phone chargers in the prison cell he shared with Lamonn Blanner.[1]  As a result, a disciplinary officer found Jennings guilty of possession of a cell phone, a Class X misconduct offense, and sentenced him to 30 days in administrative segregation.  The misconduct conviction abrogated Jennings's good-time credits and his level-4 inmate status.  Prison officials placed Jennings in "High Max" facilities for two years following these events.  R. at 8.

Jennings cries foul because Blanner later admitted in a sworn statement that he owned the cell phone and chargers.  Jennings filed this case *in forma pauperis* under 42 U.S.C. § 1983 for alleged violations of his Fifth, Eighth, and Fourteenth Amendment rights.  He seeks damages and restoration of his good-time credits and level-4 inmate status.

The district court screened Jennings's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).  The court found that Jennings's complaint failed to allege a cognizable Fifth Amendment violation, that his claim for recoupment of good-time credits should have been brought in a habeas corpus action under 28 U.S.C. § 2241, and that his remaining § 1983 claims were premature because they were predicated on invalidation of Jennings's disciplinary conviction.  The court

---

[1] For purposes of this appeal, we assume that Jennings's factual allegations are true.

further noted that Jennings had filed in the wrong venue and dismissed the action without prejudice for failure to state a claim upon which relief can be granted.

On appeal to this court, Jennings argues that the district court erred by failing to order a special report from the Oklahoma Department of Corrections. He also renews the claims presented in his complaint, arguing that the disciplinary hearing and punishment violated his rights under the Fifth, Eighth, and Fourteenth Amendments.

## II. Discussion

### A. Appellate Jurisdiction

At the outset, we must determine whether we have jurisdiction to consider this appeal. Our jurisdiction under 28 U.S.C. § 1291 extends to appeals taken from final decisions, which are those that "'end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment.'" *Alexander v. U.S. Parole Comm'n*, 514 F.3d 1083, 1087 (10th Cir. 2008) (alterations in original) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). But a district court's decision to dismiss claims without prejudice may signal, instead, that the district court's decision is not yet final. *See Moya v. Schollenbarger*, 465 F.3d 444, 448 (10th Cir. 2006). "[W]hether an order of dismissal is appealable generally depends on whether the district court dismissed the *complaint* or the *action*. A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final." *Id.* at 449 (internal quotation marks omitted). "In evaluating finality, . . . we look to

3

the *substance* and *objective intent* of the district court's order, not just its terminology." *Id.* And we apply a practical approach. *See id.* at 449–50.

The district court's order described its dismissal as a dismissal of the "action" and the "case." R. at 68. The court also denied various pending motions as moot due to the dismissal and noted that "should Mr. Jennings wish to proceed anew, he should do so in the Eastern District of Oklahoma because venue is improper in this Court." *Id.* at 67. The court ended the action by entering a judgment in favor of the defendants. These statements and rulings lead us to conclude that the district court intended to dismiss Jennings's entire action. We therefore have appellate jurisdiction to consider this appeal.

## B. Standard of Review

We review de novo the district court's dismissal of an action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) or 1915A(b) for failure to state a claim, applying the same standards we employ to review dismissals under Fed. R. Civ. P. 12(b)(6). *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009); *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Jennings appears pro se, we construe his filings liberally but do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## C. Failure to Order a *Martinez* Report

Jennings argues on appeal that the district court erred by failing to order a report from the Oklahoma Department of Corrections regarding the disciplinary proceedings. In *Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (en banc)

4

(per curiam), we authorized district courts to order reports from prison officials "to develop a basis for determining whether a prisoner plaintiff has a possibly meritorious claim." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). District courts order *Martinez* reports to aid in identifying and clarifying the issues pro se plaintiffs raise in their complaints, to assist in the court's broad reading of pro se litigants' pleadings, and to supplement plaintiffs' descriptions of the practices they contend are unconstitutional. *See id.* at 1112–13.

But district courts are not *required* to order a *Martinez* report to evaluate under 28 U.S.C. §§ 1915(e)(2)(B)(ii) or 1915A(b) whether a complaint fails, on its face, to state a claim upon which relief can be granted. *See Stengel v. N.M. Corr. Dep't*, 640 F. App'x 701, 703 n.4 (10th Cir. 2016) ("This court's precedent permitting the use of *Martinez* reports from prison authorities does not somehow create a procedural entitlement on behalf of prisoners seeking to avoid dismissal of deficient pleadings under Rule 12(b)(6)." (internal quotation marks omitted)); *Christensen v. Big Horn Cty. Bd. of Cty. Comm'rs*, 374 F. App'x 821, 825–26 (10th Cir. 2010) ("Where, as here, the complaint clearly fails to state a claim, the district court does not commit reversible error in forgoing a *Martinez* report."). "The court's function [in determining whether a complaint states a claim] is not to weigh potential evidence that the parties might present at trial, but to assess whether *the plaintiff's complaint alone* is legally sufficient to state a claim for which relief may be granted." *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (internal quotation marks omitted) (applying Fed. R. Civ. P. 12(b)(6)). The district court reviewed Jennings's complaint and found it legally insufficient. And Jennings does not

5

identify any fact or clarification a *Martinez* report might have provided that would salvage his case. *Cf. Swoboda*, 992 F.2d at 290 ("In determining whether a plaintiff has stated a claim, the district court may not look to the *Martinez* report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). The district court did not err in failing to order a *Martinez* report.

**D. Other Arguments**

Jennings's remaining arguments on appeal rehash the grievances from his complaint about the procedure and outcome of the prison disciplinary hearing. He does not identify any other alleged errors made by the district court in dismissing his case without prejudice for failure to state a claim upon which relief can be granted. "A court of appeals is not required to manufacture an appellant's argument on appeal when [he] has failed in [his] burden to draw our attention to the error below." *Dodds v. Richardson*, 614 F.3d 1185, 1205 (10th Cir. 2010) (internal quotation marks omitted). We therefore will not consider any other arguments for reversal.

### III. Conclusion

Jennings's motion to proceed without prepayment of costs and fees is granted. The district court's dismissal of this case is affirmed.

Entered for the Court


Allison H. Eid
Circuit Judge


6