[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11779

Non-Argument Calendar

_____

OSVALDO LAZO,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60554-MGC

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Osvaldo Lazo, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal without prejudice of his *pro se* 28 U.S.C. § 2254 federal habeas petition for failure to comply with a court order. He argues that the district court abused its discretion in dismissing his petition because he did not willfully and intentionally defy the district court and the page limitation imposed by the court conflicts with the instructions on the § 2254 form. He also argues that the dismissal functioned as a dismissal with prejudice because any future § 2254 petition would be time-barred.[1] Under the circumstances of this case, we conclude that the district court abused its discretion, and we vacate and remand for further proceedings.

## I.    Background

In 2013, Lazo was convicted in Florida of two counts of sexual battery and one count of lewd and lascivious molestation. Lazo pursued a direct appeal and postconviction relief in the Florida courts. Florida's Fourth District Court of Appeal summarily affirmed the denial of Lazo's postconviction motion on April 23, 2020. *Lazo v. State*, 294 So. 3d 890 (Fla. 4th DCA 2020)

---

[1] Lazo also raised arguments concerning the merits of his underlying claims. We do not reach these issues.

(table).  The mandate issued on May 22, 2020, at which time the one-year federal habeas statute of limitations started running. Thus, Lazo had until May 22, 2021, to file a timely § 2254 petition.

On March 4, 2021, Lazo filed a timely 34-page *pro se* § 2254 habeas petition in the United States District Court for the Southern District of Florida, purporting to raise five issues.  A few days later, the district court *sua sponte* ordered Lazo to file an amended petition because, among other things, (1) he had not used the district court's designated form for § 2254 petitions; (2) the petition was unclear and contained "vague, conclusory, and rambling allegations" and combined multiple claim in single headings; and (3) the petition was 34 pages, which exceeded the district court's local rule that imposed a "20-page limits for motions and legal memoranda."  With regard to the local page limitation rule, the district court explained that, although the rule did "not expressly apply to § 2254 petitions, the [c]ourt look[ed] to it as a guide when exercising its inherent authority to impose page limits on § 2254 petitions" and that the excessive length of Lazo's 34-page petition had "interfered with the [c]ourt's ability to efficiently and effectively screen the Petition" as required by the applicable habeas rules.

Thus, the district court ordered that Lazo file an amended petition using the court's designated § 2254 form, and that his

petition could not contain more than eight grounds for relief,[2] had to comply with all the local rules including text size, margins, and line spacing, and could not refer to or incorporate by reference arguments made in the initial petition or "any other documents." The district court also directed that the amended § 2254 petition had to be docketed by the district court by April 12, 2021, and that if it was not docketed by that date, the case would be dismissed. The court emphasized that it would not use the date on which Lazo signed the amended petition, or the date he submitted it to prison authorities for mailing as the filing date. The court cautioned that "failure to comply with this Order *will result in dismissal of this case*, and that no further amendments will be permitted." (emphasis in original).

Notably, the district court attached to its order the designated 16-page § 2254 form and related instructions. These instructions provide that a petitioner "must include all the grounds for relief from the conviction or sentence" being challenged, and that a failure to set forth all grounds may result in the petitioner being barred from pursuing those grounds at a later date. Relatedly, the instructions provide that a petitioner "may submit additional pages if necessary" and that if the petitioner "want[ed] to submit any legal arguments, [the petitioner] must submit them in a separate memorandum."

---

[2] The district court did not cite to any law or rule in support of this number-of-claims limitation

Lazo requested the appointment of counsel, but his motion was denied. On April 12, 2021, Lazo filed an amended § 2254 petition using the designated form. He attached additional pages of supporting argument for his claims, which brought the amended petition to a total of 44 pages.

The following day, the district court dismissed the petition without prejudice for failing to comply with the court's prior order. Specifically, the district court concluded that dismissal was appropriate because it had warned Lazo that failure to comply with its order in full would result in dismissal of his case, and Lazo had disregarded the district court's 20-page limitation, as well as its instruction that he not incorporate by reference arguments from other documents.[3] The court noted that, at the time Lazo filed the initial petition in March 2021, he had only 79 days remaining under the Antiterrorism and Effective Death Penalty Act's (AEDPA) applicable one-year statute of limitations, and that "the filing of this federal habeas case did not toll the statute of limitations." Accordingly, the court cautioned that any delay in refiling a separate action may result in his petition being time-barred.

On April 26, 2021, Lazo filed a second amended *pro se* § 2254 petition that did not include any additional pages and complied with the district court's 20-page limitation. On May 3, 2021, with

---

[3] In Claim 8, Lazo attempted to incorporate by reference "the additional facts and legal arguments" made in his state court proceedings with regard to Claim 8.

less the 20 days left in the one-year limitation period, the district court struck the second amended petition, explaining that it had not granted Lazo leave to amend, and he would need to file a new separate action if he wanted to pursue § 2254 relief.

The next day, Lazo filed a motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59, or in the alternative a motion to reopen the case. He asserted that he was a Cuban native, with limited education and English proficiency, and he had difficulty understanding the district court's prior orders, but that he had attempted to comply and did not intend to defy or disregard the court's directives. He also emphasized that the court's failure to reopen his case could have an adverse effect on AEDPA['s] time limitation period," and he urged the court to accept the second amended petition.

The district court denied his motion the same day, explaining that it found Lazo's arguments concerning his limited English proficiency and ability to understand the court's prior orders "unpersuasive," noting that his prior filings were all submitted in English and that he had complied with other directives from the court, such as the instruction to pay the filing fee or file a motion for permission to proceed *in forma pauperis*. And the district court again cautioned Lazo that the one-year limitations period was not tolled.

With just two days left in the limitations period, Lazo filed a new petition on May 18, 2021. This petition was not labeled a "third" petition, but instead was simply labeled "petition" and it

21-11779            Opinion of the Court            7

complied with the district court's previously ordered requirements.  The district court struck this petition as well on May 25, 2021, at which point Lazo's one-year statute of limitations for filing a timely § 2254 petition had expired.

Meanwhile, Lazo filed a notice of appeal from both the order dismissing his amended § 2254 petition and the denial of his motion for reconsideration. The district court construed the notice of appeal as a request for a certificate of appealability, which it denied.[4]  This appeal followed.

## II.    Discussion

We review a district court's dismissal of an action for failure to comply with court rules for abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  We review the denial of a motion for reconsideration under Rule 59 for abuse of discretion.  *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000).

"A district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted). Thus, under Federal Rule of Civil Procedure 41(b), a "court may dismiss [an action] if the plaintiff fails to . . . comply with a court

---

[4] We denied a COA as unnecessary under *Hubbard v. Campbell*, 379 F.3d 1245 (11th Cir. 2004).

order." *Id.* However, we have repeatedly cautioned that "[*p*]*ro se* habeas petitioners do not stand in the same position as counseled petitioners," and are "often unlearned in the law and unfamiliar with the complicated rules of pleading." *Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir. 1989). Therefore, "courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney," and "we do not impose on [*pro se* petitioners] the same high standards of the legal art which we might place on the members of the legal profession." *Id.* (quotation omitted).

Local Rule 7.1(c)(2) for the Southern District of Florida provides that "[a]bsent permission of the [c]ourt, neither a motion and its incorporated memorandum of law . . . shall exceed twenty (20) pages." As the district court noted in its order below, this Rule does not expressly apply to habeas petitions. Similarly, the Rules Governing § 2254 petitions do not set forth any page limitation. *See generally* Rules Governing Section 2254 Proceedings in United States District Courts. Rather, the Rules Governing § 2254 petitions provide that "[t]he petition must substantially follow" the prescribed form, *id.* Rule 2(d), and must "specify all the grounds for relief available," "state the supporting facts for each ground," "state the relief requested," "be printed, typewritten, or legibly handwritten," and signed under penalty of perjury, *id.* Rule 2(c). Additionally, the instructions for the designated § 2254 form provide that a petitioner "may submit additional pages if necessary" and that if the petitioner "wants to submit any legal

arguments, [the petitioner] must submit them in a separate memorandum."

We have held that *pro se* litigants are "required . . . to conform to procedural rules," *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), and that "dismissal upon disregard of an order, . . . where the litigant has been forewarned, generally is not an abuse of discretion. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Nevertheless, dismissal is an "extraordinary remedy." *Id.*; *see also Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (explaining that dismissal is "the most severe sanction available to a federal court, and therefore should only be exercised where there is a showing of bad faith and where lesser sanctions will not suffice"). Thus, we have cautioned that the "extraordinary remedy" of dismissal of a *pro se* party's action for failure to comply with a court order should be reserved for very select circumstances—such as when a *pro se* party is willfully violating a court's order or is repeatedly engaging in misconduct and there is no indication of a willingness to comply. *Moon*, 863 F.2d at 838–39 (dismissal appropriate where *pro se* plaintiff "had been repeatedly and stubbornly defiant," refused to acknowledge court's authority, and expressed no willingness to comply with numerous court orders); *Betty K. Agencies*, 432 F.3d at 1338 (dismissal appropriate where plaintiff repeatedly violated rules and ignored numerous court orders and where court had tried lesser sanctions on two prior occasions). Additionally, where a dismissal "has the effect of precluding [plaintiff] from refiling his claim due

to the running of the statute of limitations . . . [t]he dismissal [is] tantamount to a dismissal with prejudice." *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (quotations omitted). A dismissal with prejudice is "a sanction of last resort" and is "proper only where there is a clear record of delay or willful contempt." *Id.* (quotation omitted).

Here, in light of the one-year limitations period governing the filing of § 2254 petitions, due to the dismissal without prejudice of Lazo's amended § 2254 petition, the denial of his motion for reconsideration, and the present appeal period, any subsequent § 2254 petition would be untimely. Under these circumstances, the dismissal without prejudice operated effectively as a dismissal with prejudice. And the record does not support that Lazo willfully violated the district court's order. Rather, following the district court's order, Lazo resubmitted his § 2254 petition using the 16-page designated form and submitted 28 pages of supporting memoranda. Although the petition still exceeded the local rule page-limitation rule,[5] it is clear that Lazo was trying to comply with the district court's directives.

---

[5] As discussed above, nothing in the local rules indicates that the 20-page limitation applies to habeas petitions, and it does not appear that this rule is regularly or uniformly enforced in habeas proceedings. Nevertheless, for purposes of this opinion, we will assume that the rule applies.

Furthermore, within two weeks of the district court's dismissal of his amended petition, Lazo submitted a second amended petition that complied with the page limitation in question, along with a motion for reconsideration, explaining that due to his limited education and proficiency in English, he had not understood the prior order and did not intentionally defy the court. Yet, despite the evidence of his efforts to comply, the district court struck the second amended petition, stating that Lazo was not given leave to amend and needed to file a separate action to pursue § 2254 relief, and denied his motion for reconsideration.[6] Thereafter, with just a few days left in the limitations period, Lazo again filed what appears to have been his attempt at a new § 2254 petition,[7] but again the district court struck this filing. While Lazo's pleading and filing efforts did not meet the "same high standards" that we might expect of counsel, it is clear that his efforts to comply were sincere. Given that the record does not support that Lazo willfully violated the district court's order and because under the circumstances, Lazo would now be foreclosed from pursuing any federal habeas relief due to the expiration of the

---

[6] We note that instead of striking the second amended petition, in light of Lazo's *pro se* status, the district court could have instructed the clerk of court to docket the second amended petition as a new action.

[7] The filing was labeled simply "petition" as opposed to a "third" or "amended" petition, which leads us to believe that he was attempting to file a new action.

statute of limitations, we vacate and remand for further proceedings.[8]

**VACATED AND REMANDED.**

---

[8] We note there are other aspects of the district court's order directing Lazo to file an amended petition that cause us concern and demonstrate an abuse of discretion. First, the district court ordered that Lazo could not assert more than eight grounds for relief. No such limitation exists in the local rules or the rules governing § 2254 proceedings. Second, the district court stated that Lazo's amended petition had to be docketed by a certain date, and that it would not consider the date he submitted the petition to prison authorities for mailing as the date of filing. But the Supreme Court has held, in the context of habeas petitions brought by federal prisoners, that a *pro se* prisoner's motion is deemed filed on the date the prisoner delivers the motion to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988). And we have held that this same "mailbox rule" applies to a state prisoner's habeas petition. *Taylor v. Williams*, 528 F.3d 847, 851 (11th Cir. 2008). The district court does not have the authority to disregard this line of precedent.